UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor,<br><br>　　　　Plaintiff,<br><br>　　Vs.<br><br>White Glove Med Labs, LLC and John Does 1-10<br><br>　　　　Defendants. | C/A No: 2:23-cv-06142-JD-MGB<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff complaining of the Defendants alleges as follows:

**TYPE OF ACTION**

1. This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty and S.C. Code Section § 37-21.

**PARTIES**

2. Plaintiff is a resident of Charleston County, South Carolina.

3. The calls alleged in this complaint were made to Plaintiff's wireless phone line in South Carolina.

4. Defendant White Glove Med Labs, LLC. ("White Glove") is a limited liability company with a principal place of business in New Jersey.

5. Defendant John Does 1 – 10 are unknown at this time.

**VENUE AND JURISDICTION**

6. This cause of action arises out of conduct of Defendants initiating telephone calls to Plaintiff's wireless telephone number in Charleston County South Carolina.

1

7. Plaintiff is a resident of Charleston County.

8. Pursuant to *Mims v. Arrow Fin. Services. LLC 565* U.S. 368, 372 (2012), this court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under the South Carolina Telephone Privacy Protection Act, S.C. Code Section 37-21, because the state claims arise from the same nucleus of operative fact, i.e., Defendants' telemarketing calls to Plaintiff, and add little complexity to the case. Furthermore, pursuant to Section 37-21-100, "Nothing in this chapter must be construed to limit any remedies, causes of action, or penalties available to a person or governmental agency under another federal or state law."

## The Telephone Consumer Protection Act

9. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

10. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the

2

federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

11. The TCPA provides a private right of action under section 47 U.S.C § 227 (c)(5) for a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under the subsection.

### The South Carolina Telephone Privacy Protection Act

12. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, et seq.

3

13. The SCTPPA requires that "at the outset of a telephone solicitation, a telephone solicitor shall provide…the name of the person on whose behalf the telephone solicitation is being made." 37-21-40(A).

14. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

### Factual Allegations

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

Telephone calls to Plaintiff

16. Plaintiff Connor is a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff's number (843) 557-XXXX has been on the National Do Not Call Registry since 2009.

18. Plaintiff uses the number for residential purposes.

19. The telemarketing campaign alleged herein included placing multiple anonymous, unsolicited calls to Plaintiff's number.

20. On October 27, 2023 and November 13, 2023, Plaintiff received telemarketing calls from the Defendants.

21. On October 27, 2023, the call transmitted the caller ID (910) 505-4760, a non-working number.

22. The caller offered the Defendants' genetic testing kit.

4

23. Plaintiff immediately suspected the anonymous call was an unlawful telemarketing call.

24. Plaintiff agreed to accept the genetic testing kit to identify the source of the unwanted call.

25. On November 13, 2023, Plaintiff received a second call that transmitted the caller ID (865)-855-0716, a non-working number.

26. The rep encouraged Plaintiff to send in a genetic test swab so they could bill Medicare.

27. These calls qualified as telemarketing pursuant to 47 C.F.R § 64.1200(f)(12).

28. Upon information and belief, Plaintiff has received other calls from the defendants.

## CAUSES OF ACTION
### Count One:
### Violations of the TCPA's Implementing Regulations
### Codified at 47 C.F.R. § 64.1200

29. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

30. By placing at least two (2) telemarketing calls to the Plaintiff whose number is on the Do-Not-Call Registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff on their Do-Not-Call list, Defendants jointly and severally, violated 47 U.S.C. § 227 (c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200.

31. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), and Plaintiff is entitled to an award of $500 - $1,500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. §64.1200, pursuant to 47 U.S.C. § 227.

## Count Two:
## Violations of the SCTPPA

32. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

33. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the SCTPPA, including: (a) initiating a call to a telephone number on the federal Do Not Call Registry (b) failure to "shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made".

34. The Defendants' violations were negligent and/or knowing.

35. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

- For the statutory damages of $500 to $1,500 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the TCPA;

- For the statutory damages of $1,000 to $5,000 per violation to be awarded to the Plaintiff for *each* of the Defendants' violations of the SCTPPA;

- For an award of attorneys' fees pursuant to the SCTPPA;

- For unspecified punitive damages in an amount to be determined by the jury.

Respectfully Submitted,

*/s/ Jay C. Connor*

Jay C. Connor Plaintiff, *Pro Se*
215 East Bay Street 201-F
Charleston, SC 29401
Jayc650@hush.com
(843) 557-5724 (residential)
(843) 913-8357 (Fax)

November 29, 2023

7