IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Jay Connor,** | ) | Civil Case No. 2:23-cv-06142-JD-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| **White Glove Med Labs, LLC;** | ) | |
| **John Does 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

  Plaintiff, proceeding *pro se*, filed this action on November 30, 2023, alleging claims under the Telephone Consumer Protection Act. On March 4, 2024, the Clerk of Court filed an entry of default against Defendant White Glove Med Labs, LLC. (Dkt. No. 17.) On March 15, 2024, Plaintiff moved for the issuance of a subpoena to obtain information to help him identify the John Does. (Dkt. No. 19.) The Court granted the motion and issued the subpoena. (Dkt. No. 20.)

  Plaintiff has now filed a "First Amended Complaint," which adds Natalie Olmeda as a named Defendant. (Dkt. No. 29.) He has also provided proposed summonses for Defendants White Glove Med Labs, LLC and Natalie Olmeda. Relevant here, Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff, subject to certain time limitations, to amend a pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a). Otherwise, a plaintiff may amend the complaint only with leave of the court or with the consent of the defendant. *See id.*; *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Because the circumstances do not allow Plaintiff to amend his Complaint as a matter of course under Rule 15(a), the Court construes his filing as a Motion to Amend the Complaint.

1

Upon careful review, the Court cannot find that the amendments sought are futile, would be prejudicial to the opposing party, or are otherwise sought in bad faith by Plaintiff. Accordingly, the Court GRANTS the Motion to Amend (Dkt. No. 29) and instructs the Clerk of Court to file Plaintiff's proposed pleading (Dkt. No. 29) as an Amended Complaint. The Clerk of Court shall also add Natalie Olmeda as a defendant to this action.

The Clerk of Court is further directed to complete and issue the proposed summonses. Plaintiff is responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure. The 90-day time limit to accomplish service is governed by Rule 4(m) of the Federal Rules of Civil Procedure, and it begins on the date on which the summons is issued.

IT IS SO ORDERED.

May 17, 2024
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE